**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION**

STACY ARTHUR ALBRIGHT
REG #30933-044                                                                                           PLAINTIFF

V.                              NO: 2:07CV00159 SWW/HDY

USA                                                                                                             DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan W. Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.
2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the

>hearing before the District Judge in the form of an offer of
>proof, and a copy, or the original, of any documentary or
>other non-testimonial evidence desired to be introduced at
>the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite 402
>Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff filed this complaint on December 27, 2007, pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. 1346(b)(1) and 2674. Plaintiff alleges that he was injured while he was playing sports, and began having pain on September 7, 2006. Plaintiff asserts that medical care was delayed, and that he suffered pain, and permanent liver damage, as a result.[1] On March 14, 2008, Defendant filed, pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6), a motion to dismiss, or in the alternative for summary judgment, a brief in support, and a statement of facts (docket entries #7-#9). Although Plaintiff has been granted additional time to respond (docket entries #10 & #13), he has failed to do so. Because Defendant has attached various exhibits to its supporting brief, the Court will treat the motion as one for summary judgment.

### **I. Standard of review**

Summary judgment is only appropriate "if the pleadings, depositions, answers to

---

[1] Exhibit #3 attached to Defendant's supporting brief indicates that Plaintiff was eventually hospitalized for treatment, and was released on September 18, 2006.

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## II. Analysis

Defendant contends that Plaintiff's complaint should be dismissed because it was filed outside the six month statute of limitations on tort claims against the United States. "A tort claim against the United States shall be forever barred . . . unless the action is begun within six months after the date of mailing . . . of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. 2401(b).  Plaintiff filed timely administrative tort claims regarding his liver injury on December 29, 2006, and on January 10, 2007 (docket entry #8, exhibits #1 & #2).  Those claims were consolidated, and, on June 13, 2007, the claims were denied, and the denial letter was mailed to Plaintiff on that date (docket entry #8, exhibits #3 & #4).[2]  Because Plaintiff filed his complaint on December 27, 2007, it is outside the six month period, and untimely.  Thus, Plaintiff's

---

[2]The denial letter sent to Plaintiff advised him that he was afforded six months from the letter's mailing date to bring suit in the appropriate United States District Court.

complaint must be dismissed. *See Schmidt v. United States*, 994 F.2d 843 (8th Cir. 1993)(unpub. per curiam)(affirming dismissal when complaint was filed more than six months after mailing of agency decision by certified mail); *Arigo v. United States*, 980 F.2d 1159, 1160 (8th Cir. 1992)(mailing of decision triggers start of six month period to file an action); *Bashir v. U.S.* 506 F.Supp.2d 1178, 1181 (M.D. Fla. 2007)(to comply with FTCA's statute of limitations, a plaintiff must file administrative claim within two years of claim's accrual date, and an action within six months after agency mails denial of administrative claim).

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Defendant's motion for summary judgment (docket entry #7) be GRANTED, and Plaintiff's complaint be DISMISSED WITH PREJUDICE.

2. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action be considered frivolous and not in good faith.

DATED this ___17___ day of June, 2008.

_____
UNITED STATES MAGISTRATE JUDGE